Dear Mr. Newell:
We are in receipt of your opinion request under letter dated April 15, 1992 and the request has been assigned to me for research and reply. The issue presented for determination is whether the municipality or the parish police jury is responsible for housing costs associated with the detention of a juvenile placed in a facility outside the parish.
The facts related in your letter and our telephone conversation indicate that a Town of Homer juvenile was arrested by a parish police officer for a felony offense occurring in the Town of Homer and placed by a district judge in the Bossier Parish Juvenile Detention Center pending adjudication. A dispute has arisen between the Town of Homer and the Claiborne Parish Policy Jury over which agency must bear the expense of the juvenile's placement in the facility.
This office has previously considered the issue of whether a juvenile court would bear the responsibility for this cost over the police jury. This office concluded that the police jury was the proper agency to be charged with the expense. In Attorney General Opinion Number 81-411-A, the author noted statutory authority for various governing authorities to engage in the operation of juvenile detention centers, citing LSA-R.S. 46:51, LSA-R.S. 46:1905, LSA-R.S. 46:1931, and LSA-Const. Art. VII, Section 14C (1974). The author stated:
 "When the juvenile court has rendered its decision, it does not execute its decision, but relies upon an executive officer such as the sheriff to perform and carry out the judgment. Inasmuch as the law provides that a local governing authority is vested with the power to establish and operate juvenile detention facilities, it is our conclusion that the local governing authority must bear the expense of placing a juvenile offender in a juvenile detention center located in another parish where no such center is available in the parish of the juvenile court's domicile." (Emphasis added).
The facts related to me indicate that the juvenile was arrested by a parish law enforcement officer, charged with a felony offense, and assigned by a Claiborne Parish district judge to a regional juvenile facility outside Claiborne Parish, as required by Article 34 of the Code of Juvenile Procedure. The facts do not indicate that the juvenile was a prisoner of the municipality, and therefore we do not find the municipality as the appropriate local governing authority to be charged with this expense. Based on A.G.O.N. 81-411-(A), we again affirm that it is the responsibility of the local governing authority, in this instance, the Claiborne Parish Police Jury, to pay the bill owing to the Bossier Parish Juvenile Detention Center. We enclose for your review a copy of Attorney General Opinion Number 81-411-(A) and the more recently released Attorney General Opinion Number 91-425, which reflects a similar conclusion.
We hope this interpretation is helpful. Should you need further assistance regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0075E